## ELIZA C. ABEEL v. GEORGE H. HARRINGTON.

1. PLEADING; *Averment as to Execution of Note.* Where a petition alleges, that "the defendant, by Charles A. Phillip and John T. Abeel, her attorneys-in-fact, made and delivered to one L. M. Taylor, her promissory note of that date, and thereby promised to pay to said L. M. Taylor or order," etc., and a copy of said note is attached to said petition as a part thereof, which is signed as follows: "Eliza C. Abeel, by Charles A. Phillip and John T. Abeel"— (Eliza C. Abeel being the defendant, and the sufficiency of the petition not being in any manner attacked until after judgment) — *held,* that the allegations of the petition, with regard to the execution of the note, are sufficient to charge the defendant.

2. ATTORNEY-FEE; *Judgment upon Default.* Where the court in rendering judgment on a promissory note includes in such judgment an attorney-fee of fifty dollars, and afterward, on a motion being made by the defendant to vacate the entire judgment, overrules said motion, but at the same time so modifies the judgment as to make it a judgment only for the amount of the note and interest, and costs, *held,* that the judgment as thus modified is not erroneous, even if it was erroneous to the extent of said attorney-fee, as originally rendered.

*Error from Sedgwick District Court.*

ACTION by *Harrington,* on a promissory note, and judgment at the May Term 1874. The facts, and proceedings, are fully stated in the opinion. *Abeel* brings the case here.

*Geo. H. English,* for plaintiff in error.

*Stanley & Hatton,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on a promissory note. The first question presented in this court is, whether the

petition below sufficiently alleged that the note was executed by Abeel, defendant below. With regard to this matter, the petition below alleged as follows: "On the 26th of May 1873, the defendant, by Charles A. Phillip and John T. Abeel, her attorneys-in-fact, made and delivered to one L. M. Taylor her promissory note of that date, and thereby promised to pay to said L. M. Taylor or order, four months after the date thereof, the sum of two hundred and eighty dollars. * * * A copy of said note, with all the indorsements thereon, is hereto attached, marked exhibit 'A,' and made a part of this petition." Exhibit "A," attached to the petition was a written instrument, dated "Wichita, Kansas, May 26th, 1873," and commenced as follows: "For value received, four months after date, I promise to pay," etc.; and it was signed as follows: "Eliza C. Abeel, by Chas. A. Phillip & John T. Abeel."

The defendant made no appearance in the court below until after judgment was rendered against her on the allegations of said petition. The judgment was by default. We think the petition sufficiently alleged that the defendant executed said note. But if the defendant had desired that the plaintiff should ·state more specifically in his petition, in what manner she gave authority to Charles A. Phillip and J. T. Abeel to execute said note for her, she should have appeared in the case, and have moved the court to require the plaintiff to make a more specific statement concerning such matter. In the absence of any such a motion, the allegations which were actually made in said petition we think are amply sufficient.

The next and only other question is, whether the court below, by including in the judgment as originally rendered, an attorney-fee of fifty dollars, so vitiated the entire judgment, that no part of it could afterward be allowed to stand. The facts upon which this question is raised are as follows: The summons which was served upon the defendant was indorsed as follows: "Suit brought for the recovery of money; amount claimed $280, with interest from the 23d of September 1873,

at the rate of twelve per cent. per annum, and an attorney-fee of $——, and costs of suit." The court rendered judgment originally, not only for the amount of the note and interest, and costs, but also for an attorney-fee of fifty dollars. Afterward the defendant appeared in the case, and moved the court to vacate the entire judgment, upon various grounds. The court overruled the motion, but at the same time so modified the judgment as to make it a judgment only for the amount of the note and interest thereon from October 23d 1873, and for costs, not including the costs of said motion. There can certainly be no valid objection to the judgment as thus modified, even if it was erroneous as originally rendered. And the court below certainly did not commit any error against the defendant below by thus modifying the judgment.

The judgment as thus modified will be affirmed.

All the Justices concurring